Jacob Leavitt
Bighorn Law
2225 E. Flamingo Rd
Suite #300, BLDG #2
Las Vegas, NV 89119
Telephone: (702)333-1111
jacob@bighornlaw.com

John Doubek, Licensed in Montana
(appearing *pro hac vice*)
DOUBEK, PYFER & STORRAR
PO Box 236
Helena MT 59624
Telephone: (406) 442-7830
Facsimile:  (406) 442-7839
john@lawyerinmontana.com

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| DENNIS MONTGOMERY and BRENDA MONTGOMERY,<br><br>Plaintiffs,<br><br>v.<br><br>SPECIAL AGENT MICHAEL WEST, and NINE UNKNOWN NAMED AGENTS OF THE FEDERAL BUREAU OF INVESTIGATION, INTERNAL REVENUE SERVICE AND DRUG ENFORCEMENT AGENCY,<br><br>Defendants. | Case No.:<br>3:21-CV-00128-ART-CSD<br><br><br><br>**PLAINTIFFS' RESPONSE TO MOTION TO FILE SUPPLEMENTAL AUTHORITY** |

Defendant West has filed a Motion to file a Notice of Supplemental Authority in support of his Motion to Dismiss. This is intended to respond to the case cited by Defendant as additional and recent support for his Motion to Dismiss.

In essence, the Defendant wants this Court to consider the recent case of *Egbert v. Boule,* 142 S. Ct. 1793 (2022). This case is really a reiteration of another case recently cited by both parties which is the *Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017) case. The *Egbert* case chiefly reiterates its approval of the *Ziglar* case.

Defendant cites both the *Ziglar* and *Egbert* case for the proposition that they somehow preclude litigation brought by Plaintiffs herein. That's quite far from the truth of the matter. Indeed, we have pointed out in our initial brief, *Bivens* has not been disapproved by any congressional action or Court decision according to the *Ziglar* or any other case cited and relied upon by Defendant. Further, there is no new context for a remedy in this case. This is purely *Bivens* from every point of view. We have constitutional violations which are precisely what *Bivens* addressed (search and seizure). Defendant has admitted this in their prior Brief (page 9). The District Court said in its opinion giving rise to this case, that Agent West acted with "callous disregard of Montgomerys' fundamental Fourth Amendment rights." This is *Bivens* through and through. Importantly, none of District Judge Pro's decisions or the decision of Magistrate Judge Valerie Cooke were ever appealed and constitute the law of the case here. Their decision describes the unlawful search and seizure and false statements made by the Defendants herein which are precisely in accord with the *Bivens* factual scenario.

Defendant continues to assert that the Plaintiffs have other remedies available to them and thus, *Ziglar* and now *Egbert* preclude them from further litigation. Yet, they fail to point out what those "other remedies" are. The law of the case is that the search and seizure of the Plaintiffs was wrongful and constituted a callous disregard of Plaintiffs' constitutional rights. They have not yet had their day in court with regard to the damages and the harms they have suffered as a result of those constitutional violations. That's the purpose of this litigation and that's the purpose that the Defendant wants to avoid. Indeed, *Ziglar*, *supra*, 1855, specifically notes that the remedies providing relief should be granted when Federally protected rights are invaded. Importantly, the Supreme Court did not throw out all *Bivens* litigation or *Bivens* cases. It recognized the vitality of *Bivens*. As follows:

> "For these and other reasons, the Court's expressed caution as to implied causes of actions under congressional statutes led to similar caution with respect to actions in the *Bivens* context, where the action is implied to enforce [***24] the Constitution itself. Indeed, in light of the changes to the Court's three *Bivens* cases might have been different if they were decided today. To be sure, no congressional enactment has disapproved of these decisions. <u>And it must be understood that this opinion is not intended to cast doubt on the continued force, or even the necessity, of *Bivens* in the search-and-seizure context in which it arose. *Bivens* does vindicate the Constitution by allowing some redress for injuries,</u> and it provides [*1857] instruction and guidance to federal law enforcement officers going forward. The settled law of *Bivens* in this common and recurrent sphere of law enforcement and the undoubted reliance upon it as a fixed principle in the law, <u>are powerful reasons to retain it in that sphere.</u>"

The *Egbert* and *Ziglar* cases are cited even more recently in *Rayborn v. USP Marion*, 2022 US Dist. Lexus 120141 decided by the United States District Court for the Southern District of Illinois. In that case, the Court noted that Bivens and its progeny provide "a limited judicially implied damages remedy for certain constitutional violations caused by persons acting under color of federal authority." The Court in *Rayborn* held that the remedy is available when there is a Fourth Amendment claim involving an unlawful search and seizure. That is precisely what we have here.

Further, the facts of *Egbert* are not at all similar to the facts of this case. *Egbert* involved a fellow who was helping to smuggle illegal border crossers from Canada into the state of Washington. He was even being paid money by these illegal border crossers. The Defendant *Boule* brought a charge of excessive force against the Government ended up as the Defendant in the case and the Court held that while federal agents may not have had the right to use excessive force, that constituted some sort of new cause of action under the Fifth Amendment and thus, rejected his claim under Bivens which is for Fourth Amendment violations. That's quite unlike what we have in this case which is the Plaintiffs' conducting lawful business at all times and the Government agents came in and lied in their warrants to

3

conduct illegal raids of Plaintiffs' house and storage facility and cuffed one of them to a tree in his front yard, inter alias. That matter was resolved after evidentiary hearings before the Magistrate Court and the District Court who both ruled in favor of the Plaintiffs. Those decisions have been appended to our earlier pleadings herein. *Boule* brought his cause of action for, among other things, a First Amendment retaliation claim and the Court said that *Bivens* did not countenance such claim. We don't have that in our case.

      In summary, the *Egbert* case does nothing but reaffirm the holdings in *Ziglar*. We know that in our case, there is not a <u>new</u> *Bivens* context. There is no <u>new</u> category of Defendants here. There is no reason to think that Congress might be better equipped to create a damage remedy than the Courts. Our case is simply another *Bivens* case which needs to be litigated and resolved in this Court sitting with a jury. Each of the factual underpinnings of this case has already been resolved by the Courts (District Court Judge and Magistrate Court Judge) and constitute res judicata herein. This case is ripe for a determination of what damages the Plaintiffs have suffered in this *Bivens* case.

      The end goal of the Defendant, all of the Defendants here, is to convince this Court that there is not cause of action that Plaintiffs have when federal agents use warrants to invade someone's home, handcuff them to a tree in their front yard, ransack their house and storage facility, all of which is based upon false information contained within the search and arrest warrants. We don't think that is at all what the Court envisions for *Ziglar* or *Egbert* but indeed is what the Court envisioned in the *Bivens* case and thus, Plaintiffs should be allowed to proceed with their *Bivens* Complaint.

DATED this <u>19th</u> day of July, 2022.

DOUBEK, PYFER & STORRAR

By    /S/ JOHN DOUBEK
       Attorney for Plaintiffs

Doubek, Pyfer & Storrar
P.O. Box 236
Helena, MT 59624

Jacob Leavitt
Bighorn Law
2225 E. Flamingo Rd
Suite #300, BLDG #2
Las Vegas, NV 89119

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5(B) and Local Rule 5-4, I hereby certify that I, John Doubek, on the 19th day of July, 2022, I electronically filed the foregoing **Plaintiffs' Response to Motion to File Supplemental Authority** and thus, pursuant to LR 5-4, caused the same to be served by electronic mail on the following Filing Users:

Kelly Heidrich
Senior Trial Attorney
Constitutional and Specialized Tort Litigation
175 N Street NE
Room 7-1813
Washington, DC 20002
T: (202) 616-4371
E-mail: Kelly.Heidrich@usdoj.gov
*Counsel for Special Agent Michael West*

C. Salvatore D'Alessio, JR.
Acting Director
Torts Branch, Civil Division

Paul Werner
Senior Trial Counsel
Torts Branch, Civil Division