UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DENNIS MONTGOMERY AND BRENDA MONTGOMERY,<br><br>Plaintiffs,<br>v.<br>SPECIAL AGENT MICHAEL WEST, AND NINE UNKNOWN NAMED AGENTS OF THE FEDERAL BUREAU OF INVESTIGATION, INTERNAL REVENUE SERVICE, AND DRUG ENFORCEMENT AGENCY,<br><br>Defendants. | Case No. 3:21-cv-00128-ART-CSD<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (ECF No. 28) |

Plaintiffs Dennis and Brenda Montgomery ("Plaintiffs") bring this *Bivens* action against former FBI Special Agency Michael West ("SA West") and other federal agents alleging that SA West violated Plaintiffs' constitutional rights during a 2006 raid on Plaintiffs' home and storage units. (ECF No. 1). Before the Court is Defendant former FBI Special Agent Michael West's ("SA West") Motion to Dismiss. (ECF No. 28). The Court grants SA West's Motion on the grounds that Plaintiffs' action is barred by the statute of limitations.

**I. BACKGROUND**

In late 2005 and early 2006, Dennis Montgomery's colleagues at a company he co-founded—eTreppid—accused him of stealing source code and hardware from the company. (ECF No. 29-2 at 2, 5). This later resulted in litigation between Montgomery and eTreppid. *See Montgomery v. eTreppid Techs., LLC.*, Case No. 3:06-cv-00056-PMP-VPC ("Trade Secret Litigation"). Of particular relevance to this action, eTreppid employees accused Montgomery of stealing nine "secret" hard drives which allegedly contained lawfully obtained, classified Predator Drone footage that eTreppid was using to develop software for use in the War on

1

1  Terror. (ECF No. 29-2 at 5-7). In response, the FBI opened an investigation into
2  Dennis Montgomery based on the allegations that he unlawfully retained
3  documents containing classified national defense information. *See In the Matter*
4  *of the Search of 12720 Buckthorn Lane, et al.*, Case No. 3:06-cv-00263-PMP-VPC
5  ("Rule 41(g) Proceeding"). The FBI obtained a search warrant for Plaintiffs' home
6  and storage units. On March 1 and 3, 2006, Plaintiffs allege that SA West, eight
7  unidentified FBI agents, and unidentified agents from the Internal Revenue
8  Service and Drug Enforcement Agency executed these warrants and seized
9  documents and electronic storage devices. (ECF No. 1 ¶2).

10  Plaintiffs allege that agents wrongfully seized Plaintiffs' property, tied up
11 Dennis Montgomery, threatened Plaintiffs' children, and otherwise violated
12 Plaintiffs' constitutional rights during the raid. (*Id.* at ¶¶ 3, 5-6). During the Rule
13 41(g) Proceeding, Magistrate Judge Valerie P. Cooke found that the searches were
14 unlawful. Judge Cooke determined that the Government lacked probable cause
15 for the raid because, ultimately, none of the information in Dennis Montgomery's
16 possession was classified and the civil litigation over theft of trade secrets that
17 was ongoing between Montgomery and his ex-colleagues at eTreppid was not
18 disclosed to the Court. (ECF No. 29-2 at 26, 29). After the Government objected,
19 District Judge Phillip Pro affirmed Judge Cooke and ordered all seized materials
20 returned to Dennis Montgomery. (ECF No. 29-1 at 16-17). No criminal charges
21 were ever filed against Plaintiffs as a result of this investigation. (ECF No. 28 at
22 3).

23  During the Rule 41(g) Proceeding, the United States invoked the state secrets
24 privilege ("SSP") as to some of the information in the affidavits of probable cause
25 submitted in support of the search warrants executed on Plaintiffs' home and
26 storage units. (ECF No. 29 at 2). In a declaration, John Negroponte, former
27 Director of National Intelligence ("DNI") invoked the SSP to prevent testimony or
28 production of evidence relating to any connection between the United States

Intelligence Community and individuals associated with the Trade Secrets Litigation or any interest of the United States Intelligence Community in the technologies in question. (ECF No. 29-4 ¶11).

Plaintiffs characterize Negroponte's declaration and an accompanying protective order issued by Judge Pro as comprising a "gag order" that rendered Plaintiffs "helpless to do or say anything. . . ." (ECF No. 29 at 3). In an affidavit, Dennis Montgomery avers that "personnel with the U.S. Intelligence and law enforcement agencies have repeatedly told me I could say nothing about the surveillance work and network I created, or I would be indicted." (ECF No. 29-6).

Plaintiffs also concede, however, that the same protective order applied to the Trade Secret Litigation in which Montgomery's work for eTreppid was directly at issue. (ECF No. 29 at 5 ("Judge Pro, who had determined the raid was wrongful and who had received the PO and SSP from DNI head, John Negroponte, issued yet another Order informing Plaintiffs that the PO and SSP applied even to the eTreppid litigation.")).

As discussed below, the statute of limitations is long expired in this action. Therefore, the viability of Plaintiffs' *Bivens* claim turns on whether Negroponte's declaration asserting SSP and the protective order create grounds for equitable tolling. Because the same protective order and declaration were at issue in other litigation involving the same subject matter and Plaintiffs extensively litigated their interests in that action, Plaintiffs here have not shown that any extraordinary circumstance stood in the way of their timely commencement of this *Bivens* action. Therefore, equitable tolling is inappropriate here.

**II. DISCUSSION**

SA West argues that the statute of limitations for the *Bivens* claim at issue here expired more than a decade ago, and that equitable tolling is not proper as Negroponte's declaration asserting SSP coupled with Judge Pro's protective order did not prevent Plaintiffs from filing this lawsuit, just as it did not hinder the

Trade Secret Litigation. Plaintiffs argue that the applicable statute of limitations should be tolled because Negroponte's declaration constituted a "gag order" that prevented Plaintiffs from bringing this action, and that equitable tolling is therefore appropriate. The Court agrees with SA West. Dennis Montgomery's own conduct in the Trade Secret Litigation demonstrates that Negroponte's invocation of SSP and Judge Pro's protective order was not a bar to litigation, only that the Government had the right to inspect filings which could implicate SSP prior to them being made public.

### A. Statute of Limitations

SA West properly invokes the statute of limitations defense. Defendants may raise a statute of limitations defense in a motion to dismiss if the defense is apparent from the face of the complaint and the assertions of the complaint would not permit the plaintiff to prove that the statute was tolled. *See Seven Arts Filmed Ent. Ltd. v. Content Media Corp., PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013); *Supermail Cargo, Inc., v. United States*, 68 F.3d 1204, 1206-07 (9th Cir. 1995) (citation omitted).

A two-year statute of limitations applies in this *Bivens* action, and it expired long ago. "Federal law determines when a *Bivens* claim accrues, [but] the law of the forum state determines the statute of limitations for such a claim." *Papa v. United States*, 281 F.3d 1004, 1009 (9th Cir. 2002) (superseded by statute). "A *Bivens* claim accrues when the plaintiff knows or has reason to know of the injury." *W. Ctr. for Journalism v. Cederquist*, 235 F.3d 1153, 1156 (9th Cir. 2000). *Bivens* claims are subject to the forum state's statute of limitations for personal injury claims. *Id.* at 1156. In Nevada, the statute of limitations for personal injury claims is two years. Nev. Rev. Stat. § 11.190(4)(e).

Here, the actions giving rise to the *Bivens* injury pled by Plaintiffs occurred when their home was raided in March, 2006. (ECF No. 1 ¶2). As such, Plaintiffs either knew or had reason to know of their injury at that time, and their

contemporaneous litigation surrounding the search indicates as much. Plaintiffs filed this action in 2021, about thirteen years after the statute of limitations expired. Therefore, this action is time-barred unless equitable tolling applies.

**B. Equitable Tolling**

Plaintiffs contend that Negroponte's declaration and Judge Pro's protective order prevented them from timely commencing this lawsuit and that equitable tolling is therefore warranted. The Court disagrees. While the Government's invocation of SSP may be an "extraordinary circumstance," Plaintiffs' own conduct in other litigation indicates that it did not stand in their way.

"[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (citing *Irwin v. Department of Veterans Affairs,* 498 U.S. 89, 96 (1990)). "Equitable tolling is typically granted when litigants are unable to file timely petitions as a result of external circumstances beyond their direct control. Equitable tolling is typically denied in cases where a litigant's own mistake clearly contributed to his predicament." *Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2008) (citations omitted).

Here, Plaintiffs claim that they were "advised by the Government that they were prohibited by the PO and SSP from asserting a *Biven* [sic] claim and other claims against the Government, if the claim or claims had anything to do with Plaintiff, Dennis Montgomery's work of surveillance for the U.S. or a contractor of the U.S." (ECF No. 1 ¶11). As Plaintiffs admit, however, the same protective order and invocation of SSP was filed in the Trade Secret Litigation. (ECF No. 29 at 5). In fact, the exhibit of Negroponte's declaration Plaintiffs attach to their Response in this action is stamped with the case number of the Trade Secret Litigation discussed above. (*See generally* ECF No. 29-4). Dennis Montgomery's work for eTreppid was at issue in the Trade Secret Litigation. *See Montgomery v.*

*eTreppid Techs., LLC.*, 3:06-cv-00056-PMP-VPC, ECF No. 1 ¶¶1, 7, 15-19. Dennis Montgomery litigated that action for years after the raid on his home without ever initiating a *Bivens* action.

As a party to the Trade Secret Litigation, Dennis Montgomery specifically litigated the scope of the protective order, explicitly including the procedures for governmental review of discovery pursuant to Negroponte's invocation of the SSP. *See id.* ECF No. 348. The Montgomery parties in that action stipulated to an agreement with the United States allowing United States' attorneys to access files in the "criminal search warrant case" that is intertwined with this action. *See id.* ECF No. 877 at 2. Judge Pro later ordered the Government to conduct a review of relevant documents when the Court received documents that it believed could violate the protective order from another action. *See id.* ECF Nos. 1172, 1175. Plainly, the *exact same* declaration and protective order that Plaintiffs now claim constituted a "gag order" was no barrier to their extensive participation in the Trade Secret Litigation, and, as Judge Pro's order demonstrates, Plaintiffs were directly aware of the relevant procedures that allowed the Government to review case materials to determine if they were in conflict with the protective order.

In light of this history Plaintiffs' statement that "the Negroponte directive" was "a complete gag order" is inaccurate. (ECF No. 29 at 2). Given Plaintiffs' extensive participation in the Trade Secret Litigation, Plaintiffs' failure to file a judicial action within the two-year limitations period under Nevada law is merely a "garden variety claim of excusable neglect" which is inappropriate grounds for the extension of equitable relief. *Irwin*, 498 U.S. at 96. Such "oversight, miscalculation or negligence . . . preclude[s] the application of equitable tolling." *Harris*, 515 F.3d at 1055 (citing *Lawrence v. Florida*, 549 U.S. 327, 335 (2007)). Diligent research into the Trade Secret Litigation, or even a timely letter or email to the U.S. Attorney's Office like the one Plaintiffs' counsel sent in 2021 would have revealed that the declaration and protective order were not a complete bar

to litigating a *Bivens* action, but merely required governmental review of relevant litigation papers.

In sum, Plaintiffs have not shown that any "extraordinary circumstance stood in [their] way" of litigating this action in a timely manner. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (citing *Irwin* 498 U.S. at 96). Therefore, the Court will grant SA West's Motion to Dismiss.

### III.     CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is ordered that SA West's Motion to Dismiss (ECF No. 28) is granted.

It is further ordered that SA West's Motion for Leave to File Supplemental Authority (ECF No. 40) is granted.

It is further ordered that Plaintiffs' Motion for Preliminary Discovery (ECF No. 47) is denied as moot.

Because amendment would be futile, it is further ordered that this case is dismissed with prejudice.

The Clerk of Court is respectfully directed to close this case.

DATED THIS 17th day of April 2023.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE